# Sheik Law, Inc.

333 WEST PORTAL AVE., SUITE A     SAN FRANCISCO, CA 94127
PH: 415-205-8490     MANI@SHEIKLAW.US

May 24, 2018

Hon. Magistrate Judge Sallie Kim
U.S. District Court, Northern District of California
San Francisco Courthouse, Courtroom A
450 Golden Gate Ave.
San Francisco, CA 94102

<u>Via Electronic Filing</u>

    Re:    *James Baca v. Contego Investigative Services, Inc., et al.*
             Case No. 3:17-cv-03508-SK

Dear Judge Kim,

    The undersigned counsel for Plaintiff James Baca and Defendants Contego Investigative Services, Inc. ("Contego"), Patriot National, Inc. ("Patriot" and, with Contego, "Companies" or "Debtor Defendants") and Toni Gott ("Gott" and, with Companies, "Defendants") attest that the parties have met and conferred telephonically before filing this letter and have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing this letter.

    A hearing on the Companies' motion to transfer this action (ECF No. 50) (the "Transfer Motion") to the U.S. District Court for the District of Delaware for referral to the U.S. Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), where the Debtor Defendants' cases are pending, is scheduled for June 11, 2018. A hearing on Plaintiff's motion for leave file a Second Amended Complaint ("SAC") is also scheduled for that date. The next case management conference is scheduled for July 9, 2018. The discovery cutoff is October 19, 2018. Trial begins June 4, 2019.

**Unresolved Dispute and Pertinent Factual Background**

The unresolved dispute centers on discovery propounded on the Companies both before and after the Companies filed their Chapter 11 Cases, which stayed the proceedings as to them.

<u>Summary of Plaintiff's Contention</u>: "Discovery can proceed against a bankrupt to same extent as it can against any other non-party." *Yates v. Delano Retail Partners, LLC*, 2012 WL 1094444, at *3 (N.D. Cal. 2012). The Companies should respond to outstanding discovery because the bankruptcy stay does not protect them from complying with discovery propounded on them that goes to claims against a nondebtor defendant, Gott. The Companies' motion to transfer and the Proofs of Claim are immaterial to these issues since it is undisputed that discovery may proceed against the Companies.

<u>Summary of the Debtor Defendants' Contentions</u>: First, the Court should decide the Transfer Motion before addressing this dispute because Plaintiff's filing of $20 million proofs of claim against the Debtor Defendants render this action a "core" proceeding subject to the exclusive jurisdiction the Delaware Bankruptcy Court. *See* ECF No. 60 at 1-3, 6-8. Second, Plaintiff's sweeping discovery requests against the Debtor Defendants, *in their capacities as defendants, not third-party witnesses* – violate the automatic stay because the Debtor Defendants have not been severed and the requests are not targeted to his claims against Ms. Gott. Plaintiff's reliance on *In re Miller*, 262 B.R. 499 (BAP 9th Cir. 2001), and its progeny is misplaced. *Miller* only addressed a narrow question: "whether a debtor is subject to discovery where the discovery propounded is framed as discovery pertaining only to the claims against the other non-debtor defendants." *Miller*, 262 B.R. at 504 (emphasis added). Here, all of Plaintiff's claims against Ms. Gott were dismissed or stricken, and in any event his sweeping discovery requests are not

targeted to the claims Plaintiff has sought leave to amend against her, but rather seek information to further his stayed claims against the Debtor Defendants.

<u>Factual and Procedural Background</u>: On January 30, 2018, the Debtor Defendants and CSG filed for bankruptcy. The case is jointly administered as *In re Patriot National, Inc., et al.*, No. 18-10189 (KG) (the "Chapter 11 Cases").

On January 31, Plaintiff requested a telephonic conference with the Court to address outstanding discovery issues related to August 2017 discovery served on the Companies ("Set One Discovery"). ECF Nos. 38-39-2. As a result of the Companies' filing, the Court denied without prejudice Plaintiff's request the next day (February 1). ECF No. 41.

At a February 12, 2018 case management conference, the Court also stayed the action against Gott until the next case management conference on March 19. ECF No. 46. The same day, the Court dismissed the one claim against Gott (Intentional Infliction of Emotional Distress ("IIED")) and struck the remainder of claims in the FAC against. ECF No. 47.

At the March 19 conference, the Court lifted the stay as to Gott only (the case remains stayed as to the Companies) and permitted discovery to continue in this case. At that conference, Plaintiff's counsel, Mani Sheik, stated Plaintiff's intent to propound discovery not just against Gott but against the Companies, explaining that case law allows for such.

On April 11, Plaintiff served a second set of discovery requests on the Companies that Plaintiff believes is tailored to the claims against Gott ("Set Two Discovery"). Plaintiff contends and the Debtor Defendants dispute that Plaintiff removed and narrowed several requests and interrogatories from his first set of discovery, and added new requests and interrogatories that went to claims raised against Gott in the First Amended Complaint ("FAC"). (There is currently pending a motion for leave to file a SAC, but the claims against Gott in the SAC are the same as

those in the FAC.)

On April 30, 2018, Plaintiff filed proofs of claim, which attach the FAC as the basis for the claim, seeking $20 million from the Debtor Defendants ("Proofs of Claim").

On May 11, the Companies responded to Set Two Discovery with objections to every interrogatory, request for admission ("RFA"), and request for production of document ("RFP") on the basis that the Set Two Discovery violates the automatic stay. The Companies did not produce any documents.

Attached as **Exhibits A-C** are Patriot's Discovery Set One responses.[1] Attached as **Exhibits D-I** are Patriot's and Contego's Set Two Discovery responses, respectively. Following meet and confer calls that did not resolve these outstanding issues, this request follows.

**Plaintiff's Summary and Legal Arguments**

The Companies Must Provide Substantive Responses And Documents To Set Two Discovery

The automatic stay provided for in bankruptcy does **not** protect a debtor from complying with discovery requests in a multi-defendant case where the discovery goes to the claims against a nondebtor defendant. *In re Miller*, 262 B.R. 499, 504 (B.A.P. 9th Cir. 2001). This is so even if the debtor is "*the* key witness" to the claims against the nondebtor and even if the discovery is "framed as discovery pertaining only to the claims against the other non-debtor defendants." *Id.* at 501, 504 (emph. added). Indeed, even though the nondebtor defendant in *Miller* was the debtor's husband, the court still required him to provide testimony harmful to his wife and, likely, to him. Thus, the automatic stay "does not preclude generation of information regarding

---

[1] Plaintiff originally sued "Contengo Services Group, LLC" ("CSG"). ECF No. 1. Defendants' counsel later stated CSG was not the proper party, so the FAC and SAC substitute Contego Investigative Services, Inc., in its place. Since CSG is no longer a party, Plaintiff does not seek further responses against it. Only Patriot's responses to Set One Discovery are at issue.

Case 1:18-cv-00919-RGA   Document 64   Filed 05/24/18   Page 5 of 10 PageID #: 1353

P a g e | 4

claims by or against a non-debtor party, **even where that information could eventually adversely affect the Debtor**." *Id.* at 505 (emph. added).

In this District, Judge Wilken has held that "[d]iscovery can proceed against a bankrupt to same extent as it can against any other non-party." *Yates*, 2012 WL 1094444 at *3 (permitting discovery and rejecting argument that debtor defendant was "an indispensable party to this action, because issues of [nondebtor defendant's] liability are 'interwoven' with those of [debtor's] liability"). *In re Kenoyer*, 489 B.R. 103, 113 (Bankr. N.D. Cal. 2013) agrees:

> At least two rules can be derived from *Miller*. First, it does not violate the automatic stay for a debtor to be compelled to testify in a proceeding against a non-debtor when the debtor has been severed from the proceeding and the purpose of eliciting the testimony is to prosecute a claim against the nondebtor. Second, such testimony is permitted even if the elicited information could later be used against the debtor—as long as the debtor is compelled to testify for purposes other than prosecuting claims against the debtor.

*Miller*, *Yates*, and *Kenoyer* reaffirm Plaintiff's right to conduct discovery against the Companies, *even if* that discovery could later adversely affect them. Defendants concede the point, as their counsel acknowledged in his April 2 email that "***discovery may proceed***, even against a debtor, only insofar as the discovery is tailored to the pending claims against another defendant not subject to the bankruptcy stay." Here, Plaintiff's Set Two Discovery is so tailored.

Plaintiff's Set Two Discovery seeks information that will allow him to prosecute his IIED and wage and hour claims against *Gott*. Indeed, much of the Set Two Discovery identifies Gott by name. (*See* Exhs. D-I) That Plaintiff the claims against Gott are "interwoven" with those against the Companies and any discovery they provide now can later adversely affect them, is ancillary and not of the moment. *Yates*, 2012 WL 1094444 at *3; *Miller*, 262 B.R. at 505. The Companies' argument that the discovery also goes to them is thus immaterial to this issue. *See id.*

The Companies also claim the Set Two Discovery is not narrowly tailored. Their

objections belie their claim. Rather than provide substantive responses to what they consider to be "narrowly tailored" requests and objecting to those that they consider not to be, the Companies provide only the same copy-and-paste objection to **every single interrogatory, RFA, and RFP**. Indeed, the Companies' blanket objection does not even claim the discovery is not sufficiently narrow to fit within *Miller*, which they concede is the proper standard.

Next, the Companies argue they are the "true" defendants here because any liability against Gott will be their responsibility due to an indemnification agreement. First, Defendants have only alleged but never produced or quoted from such an agreement (even though they have promised to produce this since August 2017). Second, even if one does exist, "the possible existence of an indemnification agreement does not make [a debtor] an indispensable party. Courts have consistently held that 'a defendant's possible right of reimbursement, indemnity, or contribution against an absent party is not sufficient to make the absent party indispensable to the litigation.'" *Yates*, 2012 WL 1094444 at *3.

Finally, the Companies claim the Proofs of Claim Plaintiff filed against the Companies and CSG, and ***not Gott***, disposes of the entire case, including against Gott. This argument is a red herring. The Court may choose to sever the Companies from this action so that the action against them removes to the District of Delaware and that against Gott proceeds here. FRCP 21. Even with severance, Plaintiff may still conduct discovery against the Companies and, then, these discovery issues remain. and none of the Companies' arguments have no merit.

Patriot Should Supplement Its Set One Discovery Responses And Production

Further, Patriot should respond to *all* Set One Discovery and to produce *all* responsive documents because Patriot waived all objections by providing untimely responses *before* it declared bankruptcy. (Exhs. A-C) *See* ECF No. 38 at 2:12-14; *Baykeeper v. Kramer Metals, Inc.*,

2009 WL 10671577, *2 (C.D. Cal. 2009) ("A party who fails to file timely objections waives all objections, including those based on privilege or work product"). Further, Patriot's boilerplate objections are all inappropriate and lack merit.

What's more, **Patriot agreed to produce documents in August 2017**—four months before it declared bankruptcy—but has not fully produced documents. Indeed, Patriot responded to 39 RFPs that it "**will produce** non-privileged documents responsive to this request to the extent such documents are currently in [its] possession, custody, or control." (Exh. A at RFP Nos. 1-7, 13, 41-44, 46-52, 58-64, 66, 76-78, 80-81, 83, 86-87, 89-92 (emph. added)) Patriot's production to date appears to consist only of Plaintiff's personnel, payroll, and disability/leave/workers' compensation files—i.e., documents responsive *only* to RFP No. 2.

And Patriot has violated this Court's standing order regarding discovery by not complying with ECF No. 5-1 at 5:21-26 and 6:22-7:12 (no privilege log despite objections to *every single* RFP on the grounds of attorney-client privilege and/or the work product doctrine). At a very minimum, Patriot should produce all documents from its initial disclosures— something Patriot (and all Defendants) agreed, but have yet, to do. (Exh. A, RFP No. 1)

**Defendants' Summary And Legal Arguments**

As a threshold matter, the Court should transfer this case to Delaware before adjudicating issues such as this one that should be addressed by the Delaware Bankruptcy Court.  Plaintiff cannot pursue the same action in two courts.  His continued pursuit of this case in this Court ignores longstanding law that makes clear that his filing of the Proofs of Claim renders the determination of the claim a core matter subject to the exclusive jurisdiction of the bankruptcy court.  (*See* Transfer Motion Reply Br., ECF No. 60 at 1-3 (citing, among other cases, *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (per curiam).); Moreover, the Debtor Defendants'

confirmed plan of reorganization provides for the Delaware Bankruptcy Court's retention of *exclusive* jurisdiction to determine the Proofs of Claim. (*Id.* at 2-3.) Prior to submitting this letter, Defendants' counsel attempted to meet and confer with Plaintiff's counsel regarding this topic. Plaintiff's counsel refused to articulate a position, inaccurately stating that it was "in his papers", and then hung up.

Next, Plaintiff's **343** discovery requests violate the automatic stay, and are thinly veiled attempts to litigate around it. *See* 11 U.S.C. §§ 362(a)(1) & (a)(6)(staying, among other things, the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case . . . .") Section 362 does not contain any exception for pursuing discovery from a debtor.

As Mr. Spjute's April 2 email, which Plaintiff only selectively quotes above, explained, *Miller* and its progeny are distinguishable, non-binding opinions decided by courts outside the Third Circuit where the Chapter 11 Cases are pending. *Miller* addressed whether a debtor is subject to discovery "framed as discovery pertaining **only** to the claims against the other non-debtor defendants." *Miller*, 262 B.R. at 504 (emphasis added). Here, unlike in *Miller*, there is no pending claim against a co-defendant, as all such claims have been dismissed. And even regarding claims for which leave to amend is sought, his discovery requests do not pertain only to such claims. Of Plaintiff's 185 RFPs, only 38 even mention Gott, and even those relate to his claims against the Debtor Defendants. (*See*, *e.g.*, RFP No. 114; RFP No. 148). Moreover, unlike in *Miller*, where the plaintiff "sought to depose Debtor as a third-party witness," 262 B.R. at 504, Plaintiff is seeking information from the Debtor-Defendants *as defendants*.

*In re Phila. Newspapers, LLC*, 423 B.R. 98, 104-105 (E.D. Pa. 2010), is directly on point. There, the Court held that "*Miller* is distinguishable" on the following grounds:

> In *Miller*, the discovery requests involved "information" to be used in a lawsuit the outcome of which would not affect the debtor or property of the debtor. Here . . . the "information" sought is to be used in the prosecution of an action in which the employee of the Debtors is a defendant, which if found liable, the Debtors could have an obligation to indemnify. This obligation to indemnify, if triggered, would affect the property of the Debtors' estates. Thus, while in *Miller* the discovery requests would under no circumstances affect the property of the debtor, so much cannot be said here.

*Id.* at 105.  The same is true here – the Debtor Defendants' property would be affected if they are obligated to indemnify Ms. Gott for any liability to Plaintiff. (Transfer Motion at 14-15).

*Lewis v. Russell*, CIV.S-03-2646WBSKJM, 2009 WL 1260290 (E.D. Cal. May 7, 2009) is also on point here and illustrates the limits of *Miller*. The court held that discovery in a multi-defendant case should not proceed against debtor defendants where the claims against the debtor and non-debtor defendants were inter-related because it would effectively require the debtors to "actively litigate the remaining claims, which would run afoul of one of the central purposes of the automatic stay – to relieve the debtor 'of the financial pressures that drove him into bankruptcy.'" *Id.* at *3-4 (quoting *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000))..

This case is distinguishable from *Kenoyer* (which disagrees with *Lewis*) and *Yates*. *Kenoyer* states that the first rule to be derived from *Miller* is that "it does not violate the automatic stay for a debtor to be compelled to testify in a proceeding against a non-debtor when the debtor has been severed from the proceeding and the purpose of eliciting the testimony is to prosecute a claim against the nondebtor." *Id.* at 113.  Neither is true here – the Debtor Defendants have not been severed and Plaintiff's discovery requests would further Plaintiff's

claims against the Debtor Defendants. Plaintiff's claims against Gott are closely inter-related; they seek to tag the Debtor Defendants with liability for acts he alleges to have been taken within the scope of Ms. Gott's employment. Thus, Ms. Gott is an indispensable party and cannot be severed. Nor has Plaintiff moved to sever and Defendants reserve all rights. In *Yates*, unlike here, the debtor's assets were not affected because the co-defendant's liability was independent from that of the debtor and was thus "not ... inextricably intertwined with it." *Yates* failed to recognize that *Miller* was limited to discovery pertaining **only** to claims against non-debtors.

Finally, Defendants timely served responses to Set One Discovery and, if they did not, any short delay in responding was justified. Upon substituting in, Defendants' now former counsel was informed by prior counsel that the Defendants had an extension to October 2, 2017, the date on which Defendants' responses were served. Plaintiff claims the responses were due on September 27, just three business days earlier. Nevertheless, "courts have broad discretion to grant relief, on a case-by-case basis, from any [] waiver upon a showing of good cause." *Valadez v. Aguallo*, No. C08-03100JW (HRL), 2009 WL 1814239, at *1 (N.D. Cal. June 24, 2009)(internal citations omitted) (identifying relevant factors).Imposing a waiver under these circumstances would violate the stay and be unduly harsh, particularly since Plaintiff has failed to articulate any prejudice. Defendants preserve all other rights relating to the requests.

Sincerely,

| | |
|---|---|
| Mani Sheik, | Rita M. Haeusler, |
| Attorney for Plaintiff | Attorney for Defendants |