IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES BACA, | ) |
| | ) |
|    Plaintiff, | ) C.A. No. 18-919-RGA |
| | ) |
| v. | ) |
| | ) |
| CONTEGO INVESTIGATIVE SERVICES, INC., PATRIOT NATIONAL, INC., TONI GOTT, and DOES 1 THROUGH 20, | ) |
| | ) |
|    Defendants. | ) |

## JOINT STATUS REPORT

Pursuant to the Court's July 31, 2018 Oral Order, the parties, by and through their undersigned counsel, jointly submit this Joint Status Report (the "Report"). Counsel for above-captioned the parties met and conferred regarding the statements made and positions taken in this Report.

    1.    **Jurisdiction and Service:** Plaintiff brought this action in the United States District Court for the Northern District of California asserting diversity jurisdiction pursuant to 28 U.S.C. section 1332(a)(1). No party remains to be served. On June 19, 2018, the Honorable Sallie Kim entered an order (the "Transfer Order") transferring this action to this Court pursuant to 28 U.S.C. section 1412. A copy of the Transfer Order is attached to this Report as **Exhibit A**.

    2.    **Factual and Procedural Background:**

        a.    <u>The factual and legal bases for Plaintiff's claims are as follows:</u>

James Baca ("Baca" or the "Plaintiff") filed a complaint in the United States District Court for the Northern District of California on June 16, 2017 (the "State Court Action") asserting employment discrimination claims under California state and federal law. Baca alleges Defendants

Contego Investigative Services, Inc., Patriot National, Inc. (collectively, "Contego" or the "Debtor Defendants"),[1] and Toni Gott ("Gott" and, together with Contego, the "Defendants"), one of Contego's employees, harassed and retaliated and discriminated against him because he refused to harass employees he supervised who had complained about illegal conduct by Defendants and because of his age, race, nationality, and disability. Plaintiff further alleges Defendants demoted and deliberately misclassified him as an exempt employee to require him to work overtime and miss meal periods and rest breaks, all without appropriate pay for such. Defendants' conduct caused Plaintiff physical and mental injuries, resulting in forced leaves of absence. Upon his return to work, Defendants refused to accommodate Plaintiff's disability and openly acted in a way that directly jeopardized his and the public's health to further push him to quit.

On August 11, 2017, Contego answered the complaint and Gott moved to dismiss the causes of action pled against her individually. After the Court granted Gott's motion to dismiss, Baca filed a First Amended Complaint (the "FAC") [D.I. 31] on December 4, 2017, in which he sought to cure with new factual allegations the deficiencies the Court identified in the original complaint. Because Baca's counsel misunderstood the Court's order as granting leave to amend the complaint generally, Baca also added without seeking further leave to amend two new causes of action against Contego under federal law for harassment and overtime (causes of action 2 and 11 in the FAC, respectively) for claims similarly asserted under state law, and added Gott as a defendant to his previously pled wage and hour claims (causes of action 10 and 12-14 in the FAC). Despite having already answered, Contego, along with Gott, moved to dismiss and/or strike parts of the FAC. At the time, both Contego and Gott were represented by the same counsel.

---

[1]   Contego Investigative Services, Inc. was not a party to the original complaint; it was added as a Defendant by the FAC (later defined).

Defendants' counsel subsequently sought permission to withdraw as counsel, citing, among other things, non-payment of its legal fees and expenses. *See* D.I. 35 ¶ 2.

On January 31, 2018, Contego filed a suggestion of bankruptcy, and the action was stayed as against them.

On February 12, the California District Court granted Defendants' counsel's motion to withdraw and temporarily also stayed the action against Gott until the next case management conference, in order to permit her to secure new counsel. That same day, the it also granted, without prejudice, the motion to strike those parts of the FAC that exceeded the scope of the Court's prior order.

On April 27 and 30, Baca, who was not represented by bankruptcy counsel, filed an aggregate of four proofs of claim (the "POC"). Two of the POC are duplicative of the other two; the two remaining POC are identical but are asserted against different debtor entities. Mr. Baca filed these POC under penalty of the Bankruptcy Court's order setting deadlines for filing proofs of claim for April 30, 2018.

At the March 19 case management conference, the Court reinstated the action as to Gott only and set a May 7 deadline for Baca to file a Second Amended Complaint.

Even though the action had been stayed as against Contego, on April 13, 2018, Contego and Gott filed a motion to transfer the action to this Court. On May 11, Baca sought leave to amend and file a Second Amended Complaint (the "SAC"). On June 19, 2018, the Northern District of California granted Defendants' request to transfer and, as a result, denied Baca's motion for leave to file the SAC without prejudice to refile the motion in this District.

After the action was transferred to this District, Baca retained Delaware counsel.

Baca's Delaware counsel, who also is familiar with federal bankruptcy law, reviewed the SAC, the pleadings submitted on behalf of Baca, the State Court Action, and the POC, and advised Baca accordingly.

On August 6, 2018, based on new counsel's advice, Baca withdrew the POC and no longer is asserting any claims against the Debtor Defendants or their bankruptcy estates. It is Plaintiff's position that the reasoning of the Transfer Order no longer is applicable, based on Plaintiff's withdrawal of the POC. Plaintiff, acting pro se, never intended to submit his claims to the jurisdiction of the Bankruptcy Court.

It further is Baca's position that this action is fundamentally different from the two pending appeals from orders entered in the Debtor Defendants' bankruptcy cases (C.A. Nos. 18-750 and 18-751), even though they appear as "related cases" on the docket. Significantly, as is indicated below, Plaintiff has requested a jury trial, something the Bankruptcy Court is not permitted to conduct.

  b. <u>Defendant Gott's position regarding this action:</u>

For the reasons set forth in the Transfer Order entered by the United States District Court for the Northern District of California, Defendant Gott believes this action should be referred to the United States Bankruptcy Court for the District of Delaware, pursuant to this Court's *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "<u>Standing Order</u>"). The Standing Order provides that "[p]ursuant to 28 U.S.C. Section 157(a), any or all cases under Title 11 and any or all proceedings under Title 11 arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district." Three of the Defendants in this action – Contego Services Group, LLC, Patriot National, Inc., and Contego Investigative Services, Inc. – are chapter 11 debtors in the Delaware Bankruptcy Court,

captioned *In re Patriot National, Inc., et al.,* Case No. 18-10189-KG (Bankr. D. Del.). The chapter 11 cases are still open and a Litigation Trustee has been appointed under the debtors' confirmed reorganization plan to pursue litigation and object to claims filed against the debtors.

As the Northern District of California held, Plaintiff's claims involving Gott are "related to" the pending chapter 11 cases. Plaintiff also filed multiple proofs of claim in the chapter 11 cases against the estates of the Defendants in this action seeking $20 million in damages. These claims are some of the largest asserted unsecured claims in the chapter 11 cases. Resolving those claims is vital to the administration of the Defendants' bankruptcy cases because resolution of the amount of Plaintiff's claims will inevitably have a significant effect on the amounts and timing of distributions to other legitimate unsecured creditors, a process now overseen by the Litigation Trustee. In addition, filing the proofs of claim undeniably rendered this action a core proceeding, over which the Delaware Bankruptcy Court has retained exclusive jurisdiction. 28 U.S.C. § 157(b)(2)(B).

Defendant takes no position on how the Clerk of this Court identifies "related cases" on this Court's docket. The two pending appeals before this Court (C.A. Nos. 18-750 and 18-751) were filed by certain parties to the confirmation order entered by the Bankruptcy Court in the chapter 11 cases on May 4, 2018.

    c.    Litigation Trustee's position regarding this action on behalf of the Debtor <u>Defendants</u>

On May 4, 2018, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered its *Findings of Fact, Conclusions of Law, and Order Confirming Fourth Further Amended Joint Chapter 11 Plan of Reorganization.* D.I. 705 (the "Confirmation Order"). On July 2, 2018 (the "Effective Date"), the *Fourth Further Amended Chapter 11 Plan of Reorganization* (D.I. 702) (the "Plan") became effective (D.I. 891). Pursuant to the terms of the

Confirmation Order and the Plan, the PNI Litigation Trust (the "Trust") was created, and Peter Kravitz was appointed as the Litigation Trustee for the Trust and the Plan Administrator for the Plan (<u>Plan Administrator</u>" and collectively with the Trustee, the "<u>Trustee</u>").

As Plan Administrator, the Trustee has responsibility for addressing and dealing with litigation claims against the Debtors' estates, including litigation claims such as this one, and proofs of claim filed by parties in interest.

In this case, the Trustee believes that the Plaintiff's claims have been discharged and released by the releases contained in the Plan and that, as a result of the Plaintiff filing numerous proofs of claim in the Bankruptcy Court, Plaintiff's claims must be adjudicated in the bankruptcy court as part of the claims resolution process. Moreover, the proofs of claim filed by the Plaintiff are some of the largest claims pending against the Debtor Defendants' estates and are of a type routinely handled by the Bankruptcy Court. As noted by the United States District Court for the Northern District of California, the claims asserted by the Plaintiff are also "related to" the bankruptcy proceedings: "Related to" jurisdiction applies to proceedings that impact the amount of property available for distribution among creditors." *In re Feitz*, 852 F.2d 455, 457 (9th Cir. 1988). Here, there is no question that resolving one of the largest unsecured claims pending against the estate should uniquely handled by the Bankruptcy Court. The Bankruptcy Court's core jurisdiction also supports this conclusion. The allowance or disallowance of the Plaintiff's proof of claim is a core bankruptcy matter. *See* 28 U.S.C. § 157(b)(2)(B).

Under the circumstances, the Debtor Defendants agree with Defendant Gott and request that, pursuant to that *Amended Standing Order of Reference* dated February 29, 2012 (Chief Judge Sleet) (the "<u>Standing Order</u>") the action be transferred to the Bankruptcy Court for resolution by the Plan Administrator through the ordinary claims resolution process.

3. **Relief:** Plaintiff seeks recovery of back and lost wages, penalties, liquidated damages, lost earnings, emotional distress damages, and punitive damages, plus attorney's fees, interest, and costs. Plaintiff will also seek relief from the stay against Debtors. Defendants deny Plaintiff is entitled to any of the requested relief or any relief whatsoever.

4. **Amendment of Pleadings:** Plaintiff will refile the motion for leave to file the SAC.

5. **Joinder of Parties:** None.

6. **Discovery:**

Discovery Taken to Date:

Plaintiff has served a first set of written discovery on Contego, which responded and objected. Plaintiff will request that the Court compel further discovery responses and document production. Plaintiff has deposed two non-party witnesses.

In anticipation of a November 14, 2017 mediation, the parties had agreed to engage in streamlined discovery, and to postpone formal depositions until after mediation. Mediation was not successful, so Plaintiff will engage in full discovery, including depositions.

Defendants have not conducted any discovery to date.

Scope of Anticipated Form Discovery:

Plaintiff: Plaintiff will engage in discovery regarding all of the facts and circumstances surrounding Plaintiff's employment, including through depositions.

Defendants: For the reasons set forth above, the Defendants believe the matter should first be referred to the Bankruptcy Court for appropriate consideration of any pending issues.

7. **Estimated Trial Length:** Plaintiff has requested a jury trial. It is difficult to estimate the length of any trial in this matter at this early stage in the proceeding.

8. **Jury Trial Requested:** Yes, Plaintiff has requested a jury trial.

9. **Settlement:** The parties engaged in mediation on November 14, 2017. Mediation was not successful. Plaintiff believes further mediation or other alternative dispute resolution efforts could be successful at this time.

10. **Such other matters as counsel considers conducive to the just, speedy, and inexpensive determination of this action:** It is Plaintiff's position that handling this action as a matter "related" to the pending confirmation order appeals, see supra, has no beneficial practical effect either on the administration of the Contego's bankruptcy estates or the liquidation of Baca's personal injury claims against the Defendants. To the contrary, it is respectfully submitted that handling this action as a "related matter" of the bankruptcy appeals invites unnecessary involvement by Contego's counsel in this action. The matter presently is stayed against Contego's, and Baca will seek relief in the Bankruptcy Court that routinely is granted.

11. The undersigned counsel hereby certify that they have conferred about each of the above matters 1 through 12.

| | |
|---|---|
| KLEIN LLC | PACHULSKI STANG ZIEHL & JONES LLP |
| */s/ Julia B. Klein* | */s/ Peter J. Keane* |
| Julia B. Klein (#5198) | Laura Davis Jones (DE Bar No. 2436) |
| 919 North Market Street | James E. O'Neill (DE Bar No. 4042) |
| Suite 600 | Peter J. Keane (DE Bar No. 5503) |
| Wilmington, Delaware 19801 | 919 North Market Street, 17th Floor |
| (302) 438-0456 | P.O. Box 8705 |
| klein@kleinllc.com | Wilmington, Delaware 19899-8705 (Courier 19801) |
| *Counsel to Plaintiff* | Telephone: (302) 652-4100 |
| *James Baca* | Facsimile: (302) 652-4400 |
| | Email: ljones@pszjlaw.com |
| | joneill@pszjlaw.com |
| | pkeane@pszjlaw.com |
| | *Counsel to Defendant Toni Gott* |

MORRIS JAMES LLP

*/s/ Carl N. Kunz, III*
Carl N. Kunz, III, Esq. (DE Bar No. 3201)
Brenna A. Dolphin, Esq. (DE Bar No. 5604)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800
Facsimile:  (302) 571-1750
E-mail:  ckunz@morrisjames.com
E-mail: bdolphin@morrisjames.com

    -and-

David M. Posner, Esq.
Gianfranco Finizio, Esq.
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone:  (212) 775-8700
Facsimile:   (212) 775-8800
E-mail:  dposner@kilpatricktownsend.com
E-mail: gfinizio@kilpatricktownsend.com

*Counsel to Peter Kravitz*
*as Litigation Trustee of the PNI Litigation Trust*